**Santos Leonardo ARANGO–ORTIZ, Petitioner–Appellant,**

v.

**Mark NOOTH, Superintendent, Snake River Correctional Institution, Respondent–Appellee.**

No. 11–35730.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2013.

Filed May 21, 2013.

Anthony Bornstein, FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esquire, Assistant Attorney General, Paul L. Smith, Assistant Attorney General, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: GOODWIN, REINHARDT, and HURWITZ, Circuit Judges.

MEMORANDUM *

Santos Leonardo Arango–Ortiz seeks a writ of habeas corpus, alleging that he received constitutionally ineffective assistance of counsel that rendered his guilty plea involuntary. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hill v. Lockhart*, 474

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The district court denied the writ. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The state post-conviction court rejected Arango–Ortiz's claim because he was not a credible witness. Because an adverse credibility finding is dispositive of the *Strickland* claim, Arango–Ortiz may not be granted habeas relief unless he can overcome this finding through an "intrinsic" challenge under 28 U.S.C. § 2254(d)(2) or an "extrinsic" challenge under 28 U.S.C. § 2254(e)(1). *See Taylor v. Maddox,* 366 F.3d 992, 999–1001 (9th Cir.2004). In his intrinsic challenge, Arango–Ortiz argues that the state court's fact-finding procedure was defective, citing cases in which this court suggested that resolving a credibility contest without hearing live testimony was defective. *Nunes v. Mueller,* 350 F.3d 1045 (9th Cir.2003); *Hibbler v. Benedetti,* 693 F.3d 1140, 1147–48 (9th Cir.2012) (citing *Earp v. Ornoski,* 431 F.3d 1158, 1169–70 & n. 8 (9th Cir.2005)). Here, however, Arango–Ortiz was permitted to testify, and it was on the basis of his live testimony that the state court found his allegations not credible. *Sophanthavong v. Palmateer,* 378 F.3d 859, 867 (9th Cir. 2004). Nor can Arango–Ortiz prevail on his extrinsic challenge, as he has failed to present "clear and convincing proof that the state-court finding is in error." *Taylor,* 366 F.3d at 1000. Accordingly, he may not be granted habeas relief.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.